# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 30900498DI |
| | ) | |
| | ) | |
| | ) | |
| BRYANT GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 13, 2016
Decided: January 12, 2017

## ORDER

### *Upon Defendant's Motion for Postconviction Relief*
### SUMMARILY DISMISSED

### *Upon Defendant's Request for Appointment of Postconviction Counsel*
### DENIED

### *Upon Defendant's Request for an Evidentiary Hearing*
### DENIED AS MOOT

Upon consideration of the Motion for Postconviction Relief ("PCR Motion") filed by Defendant Bryant Gibbs ("Defendant"); Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"); the facts, arguments and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On August 8, 1989, Defendant was charged with thirty-six felony offenses. Each of these crimes represented very serious and violent criminal conduct.

2. A jury found Defendant guilty of thirty-three felony offenses, including multiple counts of Robbery First Degree, Conspiracy First Degree, Conspiracy Second Degree, Kidnapping First Degree, Possession of a Deadly Weapon During Commission of a Felony, and Attempted Murder First Degree. The jury found Defendant not guilty of two charges. The State dismissed one charge.

3. By Order dated November 13, 1989, Defendant was sentenced. The effective date of the sentence imposed was December 26, 1988.

4. Defendant presented a direct appeal to the Delaware Supreme Court. The Delaware Supreme Court affirmed Defendant's convictions and sentence.[1]

5. Defendant has filed numerous motions for postconviction relief. The Superior Court has considered and denied Defendant's motions.

6. On July 11, 2016, Defendant filed a motion for appointment of postconviction counsel pursuant to Rule 61. By Order dated August 16, 2016, the Court denied Defendant's motion.[2]

7. On December 13, 2016, Defendant filed the PCR Motion that is currently before the Court. Defendant also requests this Court to appoint postconviction counsel and hold an evidentiary hearing.

---

[1] *Gibbs v. State*, 1990 WL 197879 (Del. Nov. 19, 1990).
[2] *State v. Gibbs*, 2016 WL 4368176 (Del. Super. Aug. 16, 2016).

8.      Rule 61(d)(2) governs Defendant's PCR Motion.[3] Under Rule 61(d)(2), the Court shall summarily dismiss a second or subsequent motion for postconviction relief unless the movant was convicted after a trial and the motion either (1) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (2) pleads with particularity that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction invalid.[4]

9.      Defendant alleges that he received ineffective assistance of counsel and that his confession was coerced. However, these grounds for relief have already been considered in Defendant's previous motions for postconviction relief,[5] and are procedurally barred as formerly adjudicated.[6] Moreover, Defendant fails to plead with particularity that new evidence exists that creates a strong inference that Defendant is actually innocent or that a new rule of constitutional law retroactively invalidates Defendant's convictions.[7] Rather, the record contains sufficient evidence for a rational jury to have found Defendant guilty of the crimes

---

[3] Rule 61(d)(2) applies to second or subsequent motions for postconviction relief.
[4] Super. Ct. Crim. R. 61(d)(2)(i)–(ii); Super. Ct. Crim. R. 61(i)(2)(i).
[5] *State v. Gibbs*, 1992 WL 52136, at *2 (Del. Super. Mar. 6, 1992), *aff'd*, 1992 WL 151427 (Del. May 20, 1992).
[6] Super. Ct. Crim. R. 61(i)(4).
[7] Super. Ct. Crim. R. 61(d)(2)(i)–(ii).

for which he was convicted. Accordingly, Defendant fails to demonstrate that he is entitled to postconviction relief.

10. Defendant contends that the Superior Court's decision in *State v. Bridgers*[8] retroactively invalidates Defendant's robbery convictions. In *Bridgers*, the Court held that a bystander to robbery who is threatened with a deadly weapon is not a victim of robbery, but the lesser-included offense of aggravated menacing.[9] Defendant asserts that the robbery victims in his case were mere bystanders. Therefore, Defendant argues that *Bridgers* requires this Court to invalidate Defendant's robbery convictions.

11. Defendant fails to make a particularized showing that the victims in Defendant's case constitute bystanders under *Bridgers*. To the contrary, Defendant's assertion is conclusory and unsupported by the record. Moreover, there is no indication that *Bridgers* "re-defined or re-interpreted the elements of a first degree robbery offense and made such re-interpretation retroactively applicable to cases on collateral review."[10] Accordingly, the Court finds that Defendant fails to plead with particularity that *Bridgers* retroactively invalidates Defendant's robbery convictions.

12. Defendant contends that the Superior Court's decision in *State v.*

---

[8] 988 A.2d 939 (Del. Super. 2007), *aff'd*, 2009 WL 824536 (Del. Mar. 30, 2009).
[9] *Bridgers*, 988 A.2d at 944.
[10] *Desmond v. Phelps*, 2012 WL 3518531, at *2 (D. Del. Aug. 15, 2012).

4

*Amad*[11] retroactively invalidates Defendant's kidnapping convictions. In *Amad*, the Court held that "when a defendant is charged with kidnapping in conjunction with an underlying offense, the jury must be instructed that the restraint upon which the kidnapping is premised has to be independent of and not incidental to the underlying crime in order to convict for the kidnapping."[12] Furthermore, the *Amad* Court held that, prior to submitting a kidnapping charge to a jury, "the trial judge must first determine, as a matter of law, if the evidence proves 'that there was much more (substantial) interference with the victims (sic) liberty than is ordinarily incident to the underlying crime.'"[13] Defendant argues that Defendant's convictions are contrary to the Court's holding in *Amad* because Defendant "was never accused of nor did he commit restraint of robbery victims that was substantially greater than that normally incident to underlying robbery."[14]

13. Defendant is "entitled to a specific instruction that, to convict on the kidnapping charge, the jury must find that the movement and/or restraint of the victim is 'independent of' and not 'incidental to' the underlying crime."[15] However, the record reflects that the trial judge provided a jury charge to that exact

---

[11] 767 A.2d 806 (Del. Super. 1999), *overruled on other grounds by Poteat v. State*, 840 A.2d 599 (Del. 2003).
[12] *Amad*, 767 A.2d at 808.
[13] *Id.* (quoting *Weber v. State*, 547 A.2d 948, 959 (Del. 1988)).
[14] Def.'s PCR Mot. at 3.
[15] *Wright v. State*, 980 A.2d 372, 376 (Del. 2009) (citing *Weber*, 547 A.2d at 959).

effect.[16] Moreover, Defendant fails to make a particularized showing that the degree of restraint to Defendant's victims was limited to what is typically associated with robbery. To the contrary, the record contains sufficient evidence for a rational jury to have concluded that Defendant utilized much more restraint than what is ordinarily incidental to robbery. Defendant's assertion is conclusory and unsupported by the record. Accordingly, the Court finds that Defendant fails to plead with particularity that *Amad* retroactively invalidates Defendant's kidnapping convictions.

14. The Court may appoint counsel for an indigent movant's second or subsequent motion for postconviction relief only if the motion satisfies the pleading requirements to avoid summary dismissal under Rule 61(d)(2)(i)–(ii).[17] As previously discussed, Defendant fails to satisfy the pleading requirements to avoid summary dismissal. Accordingly, Defendant's request for counsel must be denied.

15. Defendant's PCR Motion qualifies for summary dismissal pursuant to Rule 61(d)(2). Furthermore, Defendant fails to satisfy the pleading requirements to avoid summary dismissal. Specifically, Defendant fails to plead with particularity

---

[16] *State v. Gibbs*, I.D. No. 30900498DI, at 106:6–10 (Del. Super. Aug. 14, 1989) (TRANSCRIPT) ("THE COURT: . . .To 'interfere substantially' with one's liberty, it is not the degree or duration of the movement and/or restraint, but whether the movement and/or restraint are incident to the underlying offense or are independent of the underlying offense.").
[17] Super. Ct. Crim. R. 61(e)(4).

that new evidence exists that creates a strong inference that Defendant is actually innocent of the acts underlying his conviction, or that a new rule of constitutional law retroactively invalidates his conviction.[18] Accordingly, the Court finds that Defendant's PCR Motion must be summarily dismissed.

**NOW, THEREFORE, this 12th day of January, 2017, Defendant's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED. Defendant's request for appointment of postconviction counsel is hereby DENIED. Defendant's request for an evidentiary hearing is hereby DENIED AS MOOT.**

**IT IS SO ORDERED.**

*Andrea L Rocanelli*

_____
The Honorable Andrea L. Rocanelli

---

[18] Super. Ct. Crim. R. 61(d)(2)(i)–(ii).

7